## Anderson County v. Collins.

(Decided February 21, 1911.)

### Appeal from Anderson Circuit Court.

1. Sheriffs—Taxes—Distilled Spirits—Act 1904—Repealed by Act of 1906.—Under the act of 1902 the sheriff was the collector of taxes on distilled spirits. The legislature by the act of 1904 made the county clerk collector of such taxes. In 1906 the legislature passed a new revenue act omitting the act of 1904, and reenacting the act of 1902. Held, that the act of 1906 was a complete act with reference to revenue and taxation and was intended to and did repeal the act of 1904, and that under the act of 1906 the sheriff is the proper officer to collect taxes on distilled spirits.

2. Fees—Payment to Wrong Officer—No Bar to Action by Officer Entitled Thereto.—Where the county clerk is not authorized to collect taxes on distilled spirits, or to receive commission taxes so collected, the payment of such fees by the county to the county clerk will not discharge the county from liability to the sheriff who was ready, willing and able to collect such taxes.

F. R. FELAND and WILKES H. MORGAN for appellant.

LILLARD CARTER and G. A. WILLIAMS for appellees.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

Appellee, R. S. Collins, was the duly elected and acting sheriff of Anderson County for the term beginning January, 1906, and ending January, 1910. During that time he executed all the bonds required by law. In making his settlements with the commissioner appointed by the county, he was not charged with the taxes assessed and levied upon distilled spirits in bonded warehouses located in that county, nor was he credited with commissions for collecting the same. He brought this action in June, 1909, against Anderson county to surcharge the settlements on the ground of mistake and to recover four per cent of the taxes collected by Anderson County upon distilled spirits. The amount sued for was, $1,021.16. For this sum the court entered judgment in his favor, and the County of Anderson appeals.

During his incumbency in office, H. S. Wise was county clerk of Anderson County. Wise claimed the right to collect the taxes in question. Appellee insisted that it was his duty to collect the taxes and that he was entitled to his commissions thereon. The matter was submitted to the county attorney then in office, and he gave it as his opinion that it was the duty of the county clerk to collect the taxes. Although appellee acquiesced in this arrangement, he did so under protest, and insisted all along that the law did not confer upon the county clerk the power to collect the taxes. During this controversy the independent warehousemen paid their taxes direct to Wise, the county clerk. The sum so paid amounted to $4,434.25. During the same period the Kentucky Distilleries & Warehouse Company made its checks payable to appellee, as sheriff. Upon receipt of these checks appellee indorsed them and delivered them to H. S. Wise, who was both county clerk and county treasurer. The sum so paid amounted to $21,095.35. The amount for which judgment was given is four per cent. of the sum paid direct to the county clerk and four per cent of the sum for which the checks were made payable to appellee, and indorsed by him and turned over to Wise. Appellee had already received ten per centum upon the first $5,000.00 collected in each of the years involved in this action. He now claims four per cent. upon the taxes as a part of the residue of the taxes collected during the years in question.

The first question to be determined is: Whose duty is it, under the Act of 1906, to collect taxes on distilled spirits?

The present law on the subject may be found in the Act of March 15th, 1906, which is chapter 108 of the Kentucky Statutes. Section 4105 of that Act provides for certain reports to be made to the Auditor of Public Accounts by the owners of warehouses. Section 4106 requires the Auditor to submit those reports to the board of valuation. Section 4107 authorizes the board of valuation to assess the spirits for taxation. Section 4108 directs the board to certify to the Auditor of Public Accounts the value of the spirits as assessed for State tax, and directs the Auditor to certify to the county clerks of the respective counties the amount liable for county, city, town or district taxation, and the date when the bonded period will expire on such spirits. This section concludes as follows: "The report shall be by the county clerk filed in his office, and by him certified to the proper collecting officer of the county, city, town or taxing district for collection." Section 4109 makes the custodian of the spirits on the first day of September in the year the assessment is made liable for all taxes. Section 4110 prescribes when such taxes shall become due, and provides that the taxes on each year's assessment shall bear legal interest until paid. Section 4111 is as follows: "Every owner or proprietor of a bonded warehouse in which distilled spirits may be stored, as contemplated in the preceding section, shall, on the first day of January, May and September next after said Government tax shall have been paid, become due, or be removed from the warehouse, make and transmit to the Auditor of Public Accounts and the clerk of the county court in which the spirits may have been at the time of the assessment, a statement sworn to by the person whose duty it is to make the report, showing the quantity of spirits on which the Government tax has been paid or has become due, and what spirits have been removed from the warehouse during the preceding four months, the years in which such spirits were assessed for taxation, and the county, city, town or taxing district in which the warehouse is situated in which the spirits were stored at the time of the assessment, and shall, at the same time, pay all taxes and interests on such spirits due the State, county, taxing district, city, or town to the officers entitled to receive the same. The report herein

required shall be made by the owner or proprietor of such bonded warehouse whether any spirits are stored in such warehouse or not at the time the report is due.'' Section 4129: ''The sheriff, by virtue of his office, shall be collector of all State, county and district taxes, unless the payment thereof is, by law, especially directed to be made to some other officer.''

All the foregoing sections were taken, word for word, from the Act of 1902, which may be found in chapter 108 of the Kentucky Statutes of 1903; the only difference being that section 4111, in directing the owner of the warehouse to pay all taxes, inserts the words ''and interest'', and adds at the end of the section: ''The report herein required shall be made by the owner or proprietor of such bonded warehouse whether any spirits are stored in such warehouse or not at the time the report is due.''

In the year 1904 the legislature amended section 4111 of the Kentucky Statutes (Carroll's edition of 1903) by adding after the word ''same'', which was the concluding word of that section, the following: ''Such report herein required to be made to the Auditor of Public Accounts, shall in each instance be accompanied by a remittance and payment of the taxes due upon such spirits, which said taxes shall be by the Auditor turned into the State treasury; and such report herein required to be made to the clerk of the county court shall in each instance be accompanied by a remittance and payment of the taxes due the county upon such spirits, which said taxes shall be by said clerk turned into the county treasurer, or paid out to such person or persons, as the fiscal court may by order direct.''

The solution of the question before us depends on whether or not the Act of 1906 repealed the foregoing Act directing the tax on distilled spirits to be paid to the county clerk. The Act of 1902 (sec. 4129) provided that the sheriff, by virtue of his office, should be collector of all State, county and district taxes, unless the payment thereof was, by law, especially directed to be made to some other officer. There was nothing in that Act, or any other, which directed the taxes on distilled spirits to be paid to some other officer; therefore, the sheriff was, under that Act, the officer authorized to receive taxes on distilled spirits. This construction was recognized in the case of Shawhan v. Harrison County, 25 Ky. Law Rep., 734. This condition was

changed by the Act of 1904. The effect of that Act was to repeal so much of section 4108 of the Act of 1902 as required the county clerk to certify the report made to him by the Auditor of Public Accounts to the proper collecting officer of the county; having the report in his possession and on file in his office, he was no longer required to certify it to himself. When the legislature took up the question of revenue and taxation in the year 1906, it reenacted section 4111 of the Act of 1902 and omitted entirely therefrom the amendment thereto embraced in the Act of 1904. Not only did it do this, but, after the word "same," it inserted an additional provision. Furthermore, the Act of 1906 contains the following repealing clause:

"All acts and parts of acts in conflict with this act are hereby repealed, except the Act of 1904, approved March 24th, 1904, which is chapter 104 of Session Acts 1904, fixing a tax of fifty cents on each barrel of blended or rectified whiskey, which act is not hereby repealed, but left in force as it now is. If any section in this bill shall be held to be unconstitutional, that fact shall not affect any other section of the act, it being the intention of the General Assembly in enacting this bill to enact each section separately, and if any proviso or exception contained in any section of this bill shall be declared unconstitutional, that fact shall not affect the remaining portion of said section; it being the intention of the Legislature to enact each section of said bill and each proviso and exception thereto separately."

The Act of 1904, in question, is not chapter 104 of Session Acts, 1904, fixing a tax of fifty cents on each barrel of blended or rectified whiskey, which is excepted from the provisions of the repealing clause. Moreover, by the Act of 1906 section 4129 of the Act of 1902, providing that the sheriff should, by virtue of his office, be collector of all taxes unless the payment thereof was, by law, especially directed to be made to some other officer, was reenacted; likewise section 4108, requiring the county clerk to certify the report made to him by the Auditor of Public Accounts to the collecting officer of the county, city, town or taxing district for collection. When we consider these facts, together with the provisions of the Act of 1906, which is very specific in regard to all subjects of taxation as well as the method of collecting the same, we conclude that it was the evident purpose of the legislature to return to the method

provided by the Act of 1902 for the collection of taxes upon distilled spirits, and again to confer this power upon the sheriff of the county; and that by purposely omitting the Act of 1904, conferring the power upon county clerks to collect such taxes, it intended to and did repeal that Act. (Bevins v. Commonwealth, 27 Ky. Law Rep. 735.)

But it is insisted for appellant, that appellee is not entitled to recover in this action because the county clerk actually collected the taxes, and the fees for collecting the same were paid to him by the county. In this connection it is urged that the same doctrine should apply as in case of payment by the State, county or municipality, before judgment of ouster, to a de facto officer, by which the State, county or municipality is protected from all liability to the de jure officer for the salary so paid. The county clerk, however, was not a de facto sheriff. He was not trying to exercise the duties of a sheriff under color of office. He simply performed one of the duties of the sheriff under and by virtue of his office as clerk. Only a small amount of the taxes were paid direct to the clerk; by far the greater portion was paid to the sheriff, and by him turned over to the clerk. So far as these latter taxes were concerned, the sheriff actually performed all the duties required of him by law. He made the collections and indorsed the checks to the clerk, who was also the county treasurer. But, aside from this fact, the sheriff was ready, able and willing to perform the duties required of him by law with respect to the taxes in question. He protested all the time against the action of the clerk, and yielded only because the county attorney, the official adviser of county officers, gave it as his opinion that the clerk was entitled to collect the taxes in question. Under such circumstances he can not be deprived of his compensation. Where there are two contestants for the same office, the county may be excused for not knowing which one is the rightful claimant, but if it pays fees due one officer to an entirely different officer who is not authorized to perform the services or to receive the fees, it does so at its peril, and such payment will not bar a recovery by the officer entitled to the fees.

Judgment affirmed.